# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 24-41817-357 |
| H & M II, LLC, | ) | |
| | ) | Judge Brian C. Walsh |
| Debtor. | ) | |
| | **)** | Hearing Location: |
| | ) | United States Bankruptcy Court |
| JERRY L. JENSEN, | ) | Thomas F. Eagleton Courthouse |
| Acting United States Trustee, | ) | 111 South10th Street |
| Movant, | ) | Courtroom 5 North |
| | ) | St. Louis, Missouri 63102 |
| v. | ) | |
| | ) | Hearing Date:   March 5, 2025 |
| H & M II, LLC, | ) | Hearing Time:   11:00 a.m. |
| | ) | |
| Respondent. | ) | Objections Due: February 26, 2025 |
| | ) | |

### UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE, OR IN THE ALTERNATIVE, TO CONVERT CASE TO CHAPTER 7

Jerry L. Jensen, the Acting United States Trustee for the Eastern District of Missouri (the "United States Trustee"), by his attorney, hereby moves this Court to enter an order dismissing this chapter 11 case, or in the alternative, to convert to this case to a case under chapter 7.  In support of this motion, the United States Trustee states the following:

1.     The debtor in this case, H & M II, LLC ("the Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code on May 20, 2024.  (Doc. 1). The Debtor elected to proceed under Subchapter V of Chapter 11. *Id.*

2.     On May 22, 2024, the United States Trustee appointed Seth A. Albin to serve as the Subchapter V trustee in the Debtor's case.  (Doc. 11).

3.     Although the Debtor filed this case voluntarily, the Debtor has not fulfilled an important duty of a chapter 11 debtor-in-possession: filing timely monthly operating reports.

1

4. Section 704(a)(8) of the Bankruptcy Code, 11 U.S.C. § 704(a)(8), is made applicable to Subchapter V debtors-in-possession by 11 U.S.C. §§ 1106(a)(1) and 1184. Section 704(a)(8) requires debtors-in-possession to file with the Court, the United States Trustee, and any governmental unit charged with responsibility for collection or determination of any tax arising out of the operation of the debtor's business "periodic reports and summaries of the operation of such business, including a statement of receipts and disbursements, and such other information as the United States Trustee or the court requires."

5. The Debtor has filed only one monthly operating report in a timely manner, namely the September 2024 report. The Debtor filed that report, along with the monthly operating reports for May through August 2024, on October 11, 2024. The Debtor has not filed reports for any subsequent months.

6. Without the Debtor's monthly operating reports, the United States Trustee is unable to review the Debtor's financial activities or to assess the feasibility of the Debtor's plan.

7. Section 1112(b) of the Bankruptcy Code, 11 U.S.C. § 1112(b), states that upon request of a party in interest and after notice and a hearing, the Court, for cause, shall dismiss a case under Chapter 11 or convert it to a case under Chapter 7, whichever is in the best interests of the creditors and the estate.

8. Section 1112(b) lists several examples of circumstances that constitute "cause" to convert or dismiss, including a debtor's failure to satisfy timely any filing or reporting requirement established by Title 11 or by any rule applicable in a case filed under Title 11. 11 U.S.C. § 1112(b)(4)(F).

9. Monthly operating reports and the information they contain are the "life-blood of the Chapter 11 process" and are more than "mere busy work." *In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991). As stated above, the Debtor's failure to file its monthly operating reports for the months of October, November, and December 2024 has prevented the United States Trustee from supervising this case properly and has prevented creditors and other interested parties from monitoring the Debtor's financial performance. This failure constitutes cause to dismiss this case or to convert it to a case under chapter 7. 11 U.S.C. § 1112(b)(4)(F).

10. There are no unusual circumstances in this case establishing that dismissing or converting this case would not be in the best interests of creditors and the estate.

For the foregoing reasons, the United States Trustee respectfully requests that this Court enter an order dismissing this case or, in the alternative, converting the case to the case to a liquidation case under Chapter 7 of the Bankruptcy Code, whichever is in the best interests of creditors and the estate.

Dated: February 10, 2025     Respectfully submitted,

JERRY L. JENSEN
Acting United States Trustee

PAUL A. RANDOLPH
Assistant United States Trustee

*/s/ Carole J. Ryczek*
CAROLE J. RYCZEK
E.D. Missouri Bar #6195873IL
Trial Attorney
111 S. 10th Street, Suite 6.353
St. Louis, MO 63102
PH: (314) 539-2982
FAX: (314) 539-2990
Email: carole.ryczek@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 10, 2025, a true and correct copy of the foregoing United States Trustee's Motion to Dismiss Case or in the Alternative, to Convert Case to Chapter 7 was filed with the United States Bankruptcy Court for the Eastern District of Missouri and was served by electronic mail from the Clerk of the United States Bankruptcy Court for the Eastern District of Missouri via the Court's CM\ECF system upon the parties entitled to electronic notice.

      I hereby further certify that on February 10, 2025, a true and correct copy of the foregoing United States Trustee's Motion to Dismiss Case or in the Alternative, to Convert Case to Chapter 7 was filed with the United States Bankruptcy Court for the Eastern District of Missouri and was served upon the Debtor, H & M II, LLC, by first-class United States mail, as follows:

H & M II, LLC
3155 Brantner Place
St. Louis, MO 63106

                                                */s/Carole J. Ryczek*
                                                Carole J. Ryczek
                                                Trial Attorney
                                                Office of the United States Trustee