UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>H&M II LLC,<br><br>    Debtor. | Case No. 24-41817-357<br>Chapter 11<br><br>Subchapter V<br><br>Hearing Date: July 2, 2025<br>Hearing Time: 11:00 a.m.<br><br>Related to Doc. 77 |

**ORDER CONFIRMING FIRST AMENDED PLAN OF REORGANIZATION
DATED MAY 20, 2025**

The matter before the Court is the First Amended Plan of Reorganization for H&M II LLC, dated May 20, 2025 (the "**Plan**"), filed by H&M II LLC (the "**Debtor**").  Capitalized terms used herein shall have the same meaning ascribed to them in the Plan, unless otherwise defined herein. A hearing on confirmation of the Plan was held on July 2, 2025 (the "**Confirmation Hearing**"). Spencer P. Desai, counsel for the Debtor, and Joseph R. Schlotzhauer, counsel for the Office of US Trustee, appeared at the hearing.  No other parties appeared.  For the reasons stated on the record at the hearing, and upon careful review of the record in this case, IT IS HEREBY DETERMINED, FOUND, ADJUDGED, DECREED, AND ORDERED AS FOLLOWS:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

  A. <u>Jurisdiction; Venue; Core Proceeding</u>.  The Court has jurisdiction over the Case pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2).

  B. <u>Judicial Notice</u>.  The Court takes judicial notice of the docket of this Case maintained by the Bankruptcy Court, including all pleadings, papers, and other documents filed,

all orders entered, and all minute entries regarding the hearings held before the Court during the pendency of the Case.

    C.    <u>Bar Dates</u>.  The Bar Dates in this Case were established by the Court as July 29, 2024 for general Claims and November 18, 2024 for Claims by Governmental Units.

    D.    <u>Transmittal and Mailing of Materials; Notice</u>.  All due, adequate, and sufficient notices of the Plan, the Confirmation Hearing, and the deadlines for voting on and filing objections to the Plan were given to all known holders of Claims and interests in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the orders of the Court.  The Plan, notice of the Plan, and applicable deadlines were transmitted and served in substantial compliance with the Bankruptcy Code, the Bankruptcy Rules, and the orders of the Court upon Creditors and holders of interests entitled to vote on the Plan, and such transmittals and service were and are adequate and sufficient.  No other or further notice of the Plan or the Confirmation Hearing is or will be required.

    E.    <u>Solicitation</u>.  Under § 1181 (b), § 1125 does not apply.  As evidenced by the docket in this Case, including the Plan, the notice(s), and the certificate(s) of service, the Plan was disseminated to all Creditors and interest holders entitled to vote.  Further, the Plan and notice(s) were transmitted and served on all parties entitled to copies in substantial compliance with the Bankruptcy Code, the Bankruptcy Rules, and relevant orders of the Court.  All procedures used to distribute the Plan were fair and conducted in accordance with the Bankruptcy Code and the Bankruptcy Rules. Accordingly, the Debtor's solicitation of acceptances of the Plan complied with the applicable provisions of the Bankruptcy Code and the orders of the Court, including §§ 1126, 1189, and 1190, Bankruptcy Rules 3016 and 3018, all other applicable provisions of the

Bankruptcy Code, and all other rules, laws, and regulations. Based on the record before the Court, the Debtor has acted in good faith in connection with the solicitation of the Plan.

  F. <u>Distribution</u>. All procedures used to distribute the Plan to the applicable holders of Claims and interests were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the orders of the Court, and all other rules, laws, and regulations.

  G. <u>Confirming the Plan</u>. Debtor satisfies the requirements of § 1191(b) for confirmation of the Plan. All necessary provisions of § 1129(a) that apply under § 1191(b) have been satisfied, and the plan is fair and equitable and does not discriminate unfairly with respect to impaired classes.

  H. <u>Subchapter V of Chapter 11 of the Bankruptcy Code Applies</u>. Under § 103(i), The Debtor is a "debtor" as defined in § 1182 and elected that Subchapter V of Chapter 11 would apply to this Case.

  I. <u>Plan Complies with § 1129(a)(1)</u>. The Plan complies with the applicable provisions of the Bankruptcy Code. Without limitation:

    a, <u>Proper Classification</u>. As required by § 1123(a)(1), Article IV of the plan properly designates Classes of Claims and classifies only substantially similar Claims in the same Classes under § 1122.

    b. <u>Specify Unimpaired Classes</u>. No class of creditors was designated unimpaired under the Plan, thereby satisfying § 1123(a)(2).

    c. <u>Specify Treatment of Impaired Classes</u>. Classes 1 and 2 are designated as impaired under the Plan. Article IV of the Plan specifies the treatment of the impaired Classes of Claims, thereby satisfying § 1123(a)(3).

    d. <u>No Discrimination</u>. The Plan provides for the same treatment for each

Claim in each respective Class, unless the holder of a particular Claim has agreed to less favorable treatment with respect to such Claim, thereby satisfying § 1123(a)(4).

  e. <u>Implementation of the Plan</u>.  The Plan provides adequate and proper means for its implementation, thereby satisfying § 1123(a)(5).

  f. <u>Bankruptcy Rule 3016(a)</u>.  The Plan is dated and identifies the Debtor as its proponent, thereby satisfying Bankruptcy Rule 3016(a).

  g. <u>Filing of the Plan – § 1189</u>.  Debtor filed its original Plan within the 90-day period after the Petition Date. Accordingly, the requirements of §1189 are satisfied.

  h. <u>Contents of the Plan – § 1190(1)</u>.  As required by § 1190(1), the Plan includes (a) a brief history of Debtor's business operation, (b) a liquidation analysis, and (c) projections with respect to the ability of the Debtor to make payments under the Plan. Accordingly, the requirements of § 1190(1) are satisfied.

  i. <u>Contents of the Plan – § 1190(2)</u>.  Article V of the Plan dedicates all or a portion of future income of Debtor to be used for distributions under the Plan. Accordingly, the requirements of § 1190(2) are satisfied.

J. <u>Good Faith</u>.  The Plan has been proposed in good faith and not by any means forbidden by law, thereby satisfying § 1129(a)(3).

K. <u>Payments for Services or Costs and Expenses</u>.  Any payments made or to be made under the Plan for services or for costs and expenses in or in connection with the Case prior to the Effective Date, including all fees and expenses incurred by professionals, have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying § 1129(a)(4).

L. <u>Best Interests of Creditors Test</u>.  The Plan provides that each holder of a Claim will receive or retain under the Plan on account of its Claim property of a value, as of the Effective

Date, that is not less than the amount such holder would receive or retain if the Case were converted to Chapter 7 and the Estate were liquidated by a Chapter 7 trustee.

   M. <u>Treatment of Administrative Expense Claims and Priority Tax Claims</u>.  The Plan satisfies the requirements of §§1129(a)(9) and 1191(e).  Except to the extent the holder of a particular Claim agrees to a different treatment, the Plan specifies that Administrative Expense Claims (including professional compensation) and Priority Claims will be paid as mandated by §§ 1129(a)(9) and 1191(e).

   N. <u>Feasibility</u>.  The Plan is feasible as there is a reasonable likelihood that Debtor will make all payments under the Plan.  Confirmation of the Plan is not likely to be followed by liquidation, except as contemplated by the Plan, or the need for further financial reorganization, of the Debtor.  Thus, § 1129(a)(11) is satisfied.

   O. <u>Payment of Fees</u>.  Because this is a case under Subchapter V of Chapter 11, no fees are payable under 28 U.S.C. § 1930.  Thus, § 1129(a)(12) is satisfied.

   P. <u>Transfers Will Comply with Nonbankruptcy Law</u>.  The Plan complies with § 1129(a)(16) because any transfers of assets to be made under the Plan will be made in accordance with applicable nonbankruptcy law that governs the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

   Q. <u>Sections 1129(b), (c), and (e) Are Not Applicable</u>.  Under § 1181(a) of the Bankruptcy Code, §§ 1129(b), (c), and (e) do not apply to this Case.

   R. <u>Principal Purpose of Plan</u>.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933.  Therefore, the Plan satisfies the requirements of § 1129(d).

   S. Except as otherwise provided in the Plan, the Court will retain jurisdiction over this

Case and all matters arising out of or related to the Case and the Plan, including the matters set forth in Article VIII of the Plan.

T.   Any other findings of fact and conclusions of law that the Court announced on the record at the Confirmation Hearing are incorporated herein by reference.

U.   In summary, the Plan complies with, and Debtor has satisfied, all applicable confirmation requirements.

**IT IS HEREBY ORDERED THAT:**

1. <u>Plan Confirmed</u>.   The Plan (Doc. 77) is **CONFIRMED** under § 1191(b), as expressly supplemented and modified by this Confirmation Order.

2. <u>Resolving Inconsistency; Incorporation by Reference</u>.  If the terms of the Plan and the terms of this Confirmation Order conflict or are inconsistent, the terms of this Confirmation Order will control.  Except as otherwise provided in this Confirmation Order, the Plan and its terms are incorporated by reference into this Confirmation Order as if restated in this Confirmation Order in its entirety, and such terms are an integral part of this Confirmation Order. The failure specifically to include or to refer to any particular article, section, or provision of the Plan or any related document in this Confirmation Order will not diminish or impair the effectiveness of such article.  The Court is confirming the Plan in its entirety, including the modifications to the Plan as announced at hearing and set forth herein.

3. <u>Immediate Binding Effect</u>.  Notwithstanding Bankruptcy Rules 3020(e) and 6004(h), upon the occurrence of the Effective Date, the terms of the Plan will be immediately effective and binding upon the Debtor, the Reorganized Debtor, and any and all holders of Claims or interests (irrespective of whether holders of such Claims or interests are deemed to have accepted the Plan), all entities that are parties to the settlements, compromises, releases, discharges, and

injunctions described in the Plan or in this Confirmation Order, each entity acquiring property under the Plan, and any and all non-Debtor parties to executory contracts and unexpired leases with the Debtor.

4. <u>Effective Date</u>.  The Effective Date of this Confirmation Order is the first business day following the Confirmation Order becoming a Final Order as defined in the Plan and as contemplated in Bankruptcy Rule 8002.

5. <u>No Assumed Liability</u>.  Except only as otherwise expressly set forth in the Plan and in this Confirmation Order, the Reorganized Debtor will not assume or be liable for any Claims, debts, or liabilities addressed by the Plan.

6. <u>Assumption of Executory Contracts and Unexpired Leases Approved</u>.  All executory contracts and unexpired leases that have not been either assumed and assigned or rejected prior to the Effective Date will be, and hereby are, assumed by the Debtor as of the Effective Date.

7. <u>Revesting of Debtor's Property</u>.  Except as otherwise provided in the Plan or in this Confirmation Order, on the Effective Date, in accordance with §§ 1141(b) and (c), all property of the Debtor, Estate Property, and all other property dealt with by the Plan will be vested in the Reorganized Debtor free and clear of all liens, Claims, and interests.

8. <u>Implementation and Consummation of Plan</u>.  In accordance with §1142, the implementation and consummation of the Plan in accordance with its terms will be, and hereby is, authorized and approved, and the Debtor, the Reorganized Debtor, and any other person referenced in the Plan will be, and they hereby are, authorized, empowered, and directed to issue, execute, deliver, file, and record any documents, and to take any action necessary to consummate the Plan in accordance with its terms.

9. <u>Professional Compensation</u>. With the exception of the Subchapter V Trustee, all final requests for fees incurred by professionals under § 330 must be filed no later than thirty (30) days after the entry of this Confirmation Order.

10. <u>Post Confirmation Date Fees and Expenses</u>. Except as otherwise specifically provided in the Plan, the Debtor or the Reorganized Debtor (as applicable) will pay in cash the reasonable legal fees and expenses incurred by the Debtor or the Reorganized Debtor (as applicable) from and after the Confirmation Date in the ordinary course of business and without further notice to or action, order, or approval of the Court. Upon the Confirmation Date, with the exception of the Subchapter V Trustee, any requirement that professionals comply with §§ 327 through 331 and 1103 in seeking retention or compensation for services rendered after such date will terminate, and the Debtor and the Reorganized Debtor (as applicable) may employ and pay any professional in the ordinary course of business without any further notice to or action, order, or approval of the Court.

11. <u>Substantial Consummation</u>. Debtor will follow the procedures for notice of substantial consummation of the confirmed Plan and the service requirements thereof contained in § 1183(c)(2).

12. <u>Monthly Operating Reports.</u> Pursuant to Bankruptcy Rule 2015(a)(6), Debtor will no longer be required to file monthly operating and controlled entity reports starting with the period immediately following the Effective Date.

13. <u>No Discharge of Certain Government Liabilities</u>. Nothing in this Order or the Plan discharges, releases, precludes, or enjoins: (i) any police or regulatory liability to a governmental unit as defined in 11 U.S.C. § 101(27) ("Governmental Unit") that is not a "claim" as defined in 11 U.S.C. § 101(5) ("Claim"); (ii) any Claim of a Governmental Unit arising on or after the

Confirmation Date; (iii) any liability to a Governmental Unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the Confirmation Date; or (iv) any liability to a Governmental Unit on the part of any non-debtor. Nor shall anything in this Order or the Plan enjoin or otherwise bar a Governmental Unit from asserting or enforcing, outside this Court, any liability described in the preceding sentence.

14. <u>Headings</u>. Headings utilized in this Confirmation Order are for convenience and reference only and do not constitute a part of the Plan or Confirmation Order for any purpose.

15. <u>Final Order</u>. This Confirmation Order is a Final Order and the period in which an appeal must be filed will commence upon the entry of this Confirmation Order.

16. <u>Retention of Jurisdiction.</u> The Court shall retain jurisdiction for purposes of enforcing the Confirmation Order, whether such enforcement is required before or after the entry of a final decree closing the Estate.

17. <u>Service.</u> No later than two (2) business days after the date of this Order, the Debtor is directed to serve a copy of the order on all parties in interest and is directed to file a certificate of service no later than twenty-four (24) hours after service.

Dated: August 5, 2025
St. Louis, Missouri
cjs

_____
Brian C. Walsh
United States Bankruptcy Judge

Order Prepared by:

**Spencer P. Desai, Esq.**
Desai Law Firm LLC.
13321 North Outer Forty Rd, Suite 300
St. Louis, Missouri 63017
(314) 666-9781
ATTORNEYS FOR DEBTOR